**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4083-16T3

NICOLE M. BETZ,

     Plaintiff-Respondent,

v.

JAMES L. FOTI, III,

     Defendant-Appellant.

_____

          Argued October 17, 2018 – Decided October 30, 2018

          Before Judges Ostrer and Mayer.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0282-16.

          Jennifer L. Gottschalk argued the cause for appellant.

          Respondent has not filed a brief.

PER CURIAM

Defendant appeals from a May 12, 2017 order denying his motion to modify child support and compelling him to pay counsel fees to plaintiff in the amount of $3,750. We affirm.

We briefly summarize the facts. The parties married in May 2007 and had one child born in 2008. Plaintiff filed a complaint for divorce in 2015. According to defendant, his income for the years immediately preceding the divorce complaint averaged between $25,000 and $29,000 annually. However, because defendant was delinquent in the payment of accrued child support prior to the entry of the final judgment of divorce (FJOD), defendant agreed to an imputed income of $75,000 annually. Based on the agreed upon imputed income, defendant's child support obligation was $203 weekly. The family judge conducted a Harrington[1] hearing, confirming the parties reached a binding oral settlement of their matrimonial issues, including defendant's imputed income amount.[2] The FJOD, dated June 21, 2016, also reflected defendant's agreement to the imputed income.

---

[1] Harrington v. Harrington, 281 N.J. Super. 39 (App. Div. 1995).

[2] In or around the time of the FJOD, defendant expressed a desire to fire his counsel and counsel contemplated withdrawing from the case. Despite communication difficulties between defendant and his attorney, counsel continued to represent defendant through the entry of the FJOD.

Subsequent to the entry of the FJOD, defendant claimed he only agreed to the imputed income figure to compensate for unpaid child support during the nine month period prior to the FJOD. Defendant argued he could not pay weekly child support in the amount of $203 because he earned less than $30,000 annually.

Since the entry of the FJOD, defendant filed two motions to reduce his child support obligation. The first motion was filed on September 16, 2016, just three months after the FJOD. The second motion, which is the matter on appeal, was filed on February 27, 2017, only eight months after the FJOD.

In his second motion to reduce child support, defendant argued he has a level I autism spectrum disorder and attention deficit hyperactivity disorder, which impacted his ability to understand the financial responsibilities imposed under the FJOD.[3] In opposition to the motion, plaintiff noted defendant's medical reports regarding his condition did not indicate defendant lacked the mental capacity to understand and agree to the imputed income figure. In addition, plaintiff contended defendant worked for his family's business and the imputed income amount considered defendant's receipt of an annual salary, plus

---

[3] Defendant did not raise these arguments in support of his first motion to reduce child support.

A-4083-16T3

additional cash payments from the family business, and other significant benefits in lieu of cash.

The judge found defendant failed to make a showing of changed circumstances warranting a modification of his child support obligation consistent with Lepis v. Lepis, 83 N.J. 139 (1980). The judge determined the expert reports regarding defendant's diagnoses expressed impairments in the area of socialization and communication, and concluded defendant displayed "symptoms of autism since his early childhood." Because defendant exhibited "the questioned behavior since his childhood, and that the [medical] evaluation does not suggest that [d]efendant was unable to appreciate or comprehend the [c]onsent [o]rder in which he agreed to the imputed an income of $75,000," the judge denied his motion for a downward modification of child support.

The judge explained defendant agreed to the imputed income of $75,000, and did so despite the fact his reported annual gross income was below that amount. If defendant earned significantly less as of the date of the FJOD, then defendant had an obligation to provide the discovery requested by plaintiff's counsel regarding his earnings and other benefits defendant received as an employee of his family's business. However, defendant refused to provide the requested financial information. Instead, he agreed to the imputed income rather

than risk financial scrutiny of his earnings and the earnings of the family business. The judge found "[d]efendant has still failed to provide the [c]ourt with any information regarding the [d]efendant's decrease in income, and whether that decrease was temporary or permanent in nature." The judge determined defendant was a salaried employee in his family's business from 1993 until just prior to the date of the FJOD, when defendant's compensation was changed to commission-based.

In awarding $3,750 in counsel fees to plaintiff, the judge considered the matter in accordance with Rule 4:42-9, Rule 5:3-5, and Williams v. Williams, 59 N.J. 229, 233 (1971). The counsel fee award was based on defendant's failure to comply with prior court orders, and defendant's "lack of due diligence and good faith." The judge's monetary award was approximately twenty-five percent less than the amount of legal fees requested in plaintiff's counsel's certification of services. The judge concluded the award was appropriate because "plaintiff has had to incur more fee obligations because of [defendant's] lack of compliance" with prior court orders and the FJOD.

On appeal, defendant argues the judge mistakenly denied his request to modify his child support obligation. In addition, defendant challenges the $3,750 in attorney's fees awarded to plaintiff.

A-4083-16T3

We first consider defendant's claim that the judge erred in denying the motion to modify child support. We review a trial court's decision to grant or deny an application to modify child support for abuse of discretion. J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (citations omitted). We will not disturb a trial court's determination "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Id. at 326 (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)).

A parent seeking to modify a child support order must show "changed circumstances had substantially impaired the [parent's] ability to support himself or herself." Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001) (quoting Lepis, 83 at 157)). A proper changed circumstances analysis "requires a court to study the parties' financial condition at the time of the divorce, as well as, at the time of the application." Deegan v. Deegan, 254 N.J. Super. 350, 355 (App. Div. 1992). "Courts have consistently rejected requests for modification [of support obligations] based on circumstances which are only temporary or which are expected but have not yet occurred." Lepis, 83 N.J. at 151 (citation omitted). "[S]upport, whether set by court order or agreement, [may] be modified upon a showing of substantial, non-temporary changes in ability to support oneself or

A-4083-16T3

pay support." Gordon v. Rozenwald, 380 N.J. Super. 55, 67-68 (App. Div. 2005).

Based on our review of the record, we discern no basis to disturb the judge's denial of defendant's request to modify his child support obligation and award of attorney's fees to plaintiff. In March 2016, defendant agreed to an imputed annual income of $75,000. On June 7, 2016, the judge conducted a Harrington hearing on the record, and examined defendant's understanding of the FJOD, which included defendant's agreed upon imputed income. At the hearing, defendant stated he was not suffering from any condition that would impair his ability to understand the terms of the settlement.

Approximately three months after the Harrington hearing, defendant filed his first motion to reduce child support. After the court denied the motion, defendant again sought to reduce his child support payments, eight months after the FJOD. Between June 2016, when defendant agreed to the imputed income amount, and May 2017, when defendant's second motion to reduce child support was decided, defendant presented no evidence of a change in circumstances warranting modification of his child support obligation. Moreover, nothing in defendant's expert medical evaluations supports a conclusion that defendant was

A-4083-16T3

unable to appreciate or understand his agreement on the imputed income amount.

We next consider defendant's argument concerning the award of attorney's fees to plaintiff. The award of attorney's fees in matrimonial cases is a matter committed to the discretion of the trial court; reversal is appropriate only when the trial court has abused its discretion, exceeded its authority, or made a determination not supported by the record. See Williams, 59 N.J. at 233. In exercising its discretion, the court must comply with N.J.S.A. 2A:34-23, which requires consideration of "the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party." Mani v. Mani, 183 N.J. 70, 94 (2005) (quoting N.J.S.A. 2A:34-23).

Here, we find no abuse of discretion in the judge's award of attorney's fees in favor of plaintiff. The judge considered the factors set forth in Rule 5:3-5(c), and provided adequate reasons for his decision. The judge found defendant flouted the FJOD and court orders compelling his payment obligations and, as a result, awarded $3,750 in attorney's fees. The judge evaluated the fee award under the governing rules and case law, reduced the amount of the requested fee award by twenty-five percent, and concluded the fee award was appropriate

based on defendant's "lack of due diligence and good faith" in complying with court orders and the FJOD.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4083-16T3